UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
OCT 2 5 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-123-GWU

DONNA ADAMS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff had previously filed Adams v. Barnhart, London Civ. Action No. 01-220 (E.D. Ky.) to appeal from the negative administrative decision on her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). After a period of remand prompted by the undersigned's Memorandum Opinion, Order and Judgment of June 28, 2002 granting the defendant's motion to remand (Tr. 299-309), the case was again the subject of an appeal to federal court. The case was again remanded at the request of the defendant (Tr. 339) and is before the undersigned for consideration of the Administrative Law Judge's decision of June 30, 2003. (Tr. 330-338).

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir.

1

1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use

of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record

3

reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

During remand, at the plaintiff's request, the period under consideration was contracted. The amended alleged onset date was August 30, 1999 and the date the plaintiff successfully went back to work was June 18, 2001 (Tr. 276-278). Thus, this period is the only one subject to review.

For this period, in the latest administrative decision, the plaintiff was found capable of performing significant numbers of alternative jobs at the sedentary and light level with non-exertional limitations based on her right upper extremity problems and ability for no more than occasional bending. (Tr. 334).

A close look at the actual questioning of, and response by, the vocational expert (VE) indicates that 250,000 sedentary jobs were identified nationally that did not involve pushing/pulling with the upper extremities, more than occasional fine manipulation, and frequent bending. (Tr. 288, 290). The considered factors were consistent with (1) the poundage and bending limitation in 1999 suggested by Steven Spady (Tr. 91), (2) at least the bending limitation cited by Dr. Jadhav in 1999 (Tr. 162,

4

Adams

164) and (3) at least the poundage and push/pull limitations suggested by Muckenhausen in early 2000 after performing a physical examination and reviewing old records (Tr. 137). The restrictions were far in excess of those considered by the medical reviewers (Tr. 187, 188) and the implication contained in Dr. Vandita Samavedi's comments of October, 1999 (Tr. 176). Given these facts and the fact that the limitations were consistent with the undersigned's commentary in the prior Memorandum Opinion (Tr. 308-309), this was sufficient.

The plaintiff argues that her obesity was not properly considered. Yet the record is devoid of any opinion from any physician directly stating that the plaintiff's obesity imposed greater physical functional limitations than has already been considered.[1] Accordingly, any error is harmless.

The ALJ also properly evaluated the plaintiff's complaints of pain, for the reasons cited in the defendant's brief at pp. 9-11.

The decision will be affirmed, since substantial evidence exists to support the idea that significant numbers of sedentary jobs were available to a person of the plaintiff's vocational profile.

This the  25  day of October, 2006.

*signature*
G. WIX UNTHANK
SENIOR JUDGE

---

[1] A psychiatrist did say that her weight would "add phenomenal loading to her back and exacerbate or worsen her back problem" (Tr. 208), but did not voice an opinion about work-related restrictions.